HARRIS, Judge.
In this much litigated action, the current issue before us is whether interest continues to accrue on the damage judgment until a subsequent cost judgment is satisfied in full. In Keanie v. Goldy, 698 So.2d 1264 (Fla. 5th DCA 1997), we adopted the reasoning in that line of cases which holds that the tender of policy limits does not terminate the obligation to pay post judgment interest. We held:
We agree with the court below and those courts in other jurisdictions that hold that the “Underwriter’s liability thereon” includes accrued interest and costs as well as the policy limits. This interpretation gives the insurer an incentive to pay its obligations promptly.
Keanie v. Goldy, 698 So.2d at 1266.
The issue in this case is whether interest on the entire damage judgment should continue to accrue even after the insurer has tendered not only the policy limits but all accrued post judgment interest on that judgment merely because a cost judgment entered just two days before such tender was not included in the tender. We think not and affirm the trial court which held that such interest does not continue to accrue under the facts of this case. The insurer should be permitted a reasonable time to process a check to pay the cost judgment before it is charged interest on the entire damage judgment. Once the cost judgment was entered herein, it was paid promptly together with interest on the cost judgment from the date of its entry until its payment some few days later. The purpose behind the rule announced in Keanie simply is not necessary, nor is it reasonable, when the insurer acts responsibly in promptly meeting its obligations.
AFFIRMED.
GRIFFIN, C.J., and ANTOON, J., concur.